UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Park Industries, Inc.,

   Plaintiff,

v.

BACA Systems, LLC,

   Defendant.

Case No.

Hon.

---

## Complaint and Jury Demand

Plaintiff Park Industries, Inc., through its counsel, Brooks Wilkins Sharkey & Turco PLLC, states the following as its complaint against Defendant BACA Systems, LLC:

### The Parties

1. Plaintiff Park Industries, Inc. is a Minnesota corporation with its principal place of business located at 6301 Saukview Dr., Saint Cloud, Minnesota 56303.

2. Defendant BACA Systems, LLC is a Michigan limited-liability company that, upon information and belief, has its principal place of business located at 101 Premier Drive, Orion Township, Michigan 48359. BACA Systems' registered agent with the Michigan Secretary of State is Brian R. Balow, located at 31700 Telegraph Road #240, Bingham Farms, Michigan 48025.

3. BACA Systems is engaged in the manufacture and sale of stone loading and shaping machinery and related technology, including the Infringing Loading and Shaping Machine defined below.

## Jurisdiction

4. This is an action for patent infringement under the Patent Act, 35 U.S.C. § 101 *et. seq.*

5. This Court has exclusive jurisdiction over Park Industries' patent claims under 28 U.S.C. §§ 1331 & 1338(a).

6. This Court has personal jurisdiction over BACA Systems because BACA Systems is a Michigan limited-liability company and has its principal place of business located in Michigan, so BACA Systems resides in Michigan.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because, as a Michigan limited-liability company, BACA Systems resides in this District. Venue is also proper under 28 U.S.C. § 1400(b) as BACA Systems has committed acts of infringement in this District and has maintained a regular and established place of business in this District.

## Background

8. Founded in 1953, Park Industries designs, manufactures, sells, and supports high-precision fabrication solutions for the stone industry. With over 18,000 machines sold in North America, Park Industries is the largest countertop and architectural equipment manufacturer on the continent. As a result, Park Industries has developed and enforces an important and valuable patent portfolio covering its stone loading and shaping machinery and related technologies.

9. Today, Park Industries is in its third generation of family ownership and is proudly headquartered in St. Cloud, Minnesota. Park Industries directly competes with BACA Systems and its line of automated stone fabrication machinery.

## The Patents-in-Suit

10. United States Patent No. 10,201,914 ("the '914 Patent") issued on February 12, 2019. Ex. A, '914 Patent.

11. The '914 Patent is entitled "Material Loading Apparatus." The '914 Patent was filed as U.S. Patent Application No. 15/000,764 on January 20, 2015, and it published as U.S. Patent Application Publication No. 2016/0207223 on July 21, 2016 ("the '223 Publication").

12. Park Industries is the owner of all right, title, and interest in the '914 Patent.

13. United States Patent No. 11,446,843 ("the '843 Patent") issued on September 20, 2022. Ex. B, '843 Patent.

14. The '843 Patent is also entitled "Material Loading Apparatus." The '843 Patent, which is a continuation of the '914 Patent, was filed as U.S. Patent Application No. 16/272,592 on February 11, 2019, and it published as U.S. Patent Application Publication No. 2020/0039110 on February 6, 2020.

15. Park Industries is the owner of all right, title, and interest in the '843 Patent.

## BACA Systems' Infringing Conduct

16. BACA Systems has made, used, sold, and offered to sell its "M SERIES MITERING ROBOTIC SAWJET" with a pivoting, slab-loading "tilt table" ("the Infringing Loading and Shaping Machine"). BACA Systems continues to make, use, sell, and offer for sale the Infringing Loading and Shaping Machine.

 

BACA Systems' Stone Cutting Tilt Table, https://www.bacasystems.com/stone-fabrication-machinery/tilt-table, last viewed April 23, 2025.

17. Park Industries learned that BACA Systems was developing a slab loader in the form of a tilt table having a movable work surface pivotally mounted to the table, which implicated the invention(s) described in Park Industries' then-pending patent application that published as the '223 Publication.

18. Accordingly, Park Industries, through its counsel, sent a letter to BACA Systems on January 31, 2017. Ex. C, 1/31/17 Letter. That letter informed BACA Systems of the '223 Publication and its relation to the BACA Systems' products.

19. On February 14, 2017, BACA Systems' counsel acknowledged receipt of Park Industries' letter and directed further communications to counsel. Ex. D, 2/14/17 Letter.

20. Park Industries sent a letter to BACA Systems on October 22, 2024, identifying the Infringing Loading and Shaping Machine and its infringement of the '914 and '843 Patents. Ex. E, 10/22/24 Letter. Park Industries requested BACA Systems "immediately cease making, using, offering for sale, and selling the

[Infringing Loading and Shaping Machine] and any related stone-cutting machinery having infringing slab-loading technology." Ex. E, p. 2.

21. Counsel for BACA Systems informed Park Industries' counsel that BACA Systems had sold 21 units of the BACA Slab Loader.

22. On March 12, 2025, BACA Systems' President and Chief Financial Officer Kevin McManus traveled to Minnesota to meet with a representative of Park Industries.

23. Mr. McManus met with Park Industries' co-owner Mike Schlough at Park Industries' counsel's office located at 150 S. 5th St. Suite 2200, Minneapolis, MN 55402.

24. Mr. McManus and Mr. Schlough discussed Park Industries' allegation of patent infringement of the '914 and '843 Patents by BACA Systems (the "Settlement Meeting").

25. During the Settlement Meeting, the parties negotiated in good faith and discussed the expense of litigating Park Industries' patent infringement claims against BACA Systems and the direct savings a settlement would provide both parties.

26. As a result of the Settlement Meeting, the parties reached a binding settlement agreement ("the Settlement Agreement"). Ex. F, Settlement Agreement. The Settlement Agreement is executed by Mr. Schlough, on behalf of Park Industries, and Mr. McManus, on behalf of BACA Systems.

27. Mr. Schlough signed the Settlement Agreement in blue ink, and Mr. McManus signed the Settlement Agreement in black ink. See Ex. F.

28. Notably, Mr. McManus made modifications to the drafted Settlement Agreement in black ink prior to Mr. McManus and Mr. Schlough signing the document. Ex. F.

29. As part of the Settlement Agreement, BACA Systems agreed to cease making, using, selling, and offering for sale the Infringing Loading and Shaping Machine.

30. BACA Systems also agreed to certain monetary payments to Park Industries as part of the resolution of the dispute between the parties.

31. In exchange, and once BACA Systems met its obligations spelled out in the Settlement Agreement, Park Industries agreed to forego its right to assert the '914 and '843 Patents against BACA Systems in litigation.

32. Further, the Settlement Agreement enumerates certain monetary terms under which BACA Systems would pay Park Industries to resolve the dispute between the parties.

33. Specifically, the Settlement Agreement provides that BACA Systems will pay Park Industries a total of $500,000, consisting of a $100,000 down payment and $40,000 per month for ten months, to remedy Park Industries for 21 past sales of the Infringing Loading and Shaping Machine. See Ex. F.

34. In addition, the Settlement Agreement grants BACA Systems a sell-off period of one year, during which BACA Systems could sell its then-existing stock of the Infringing Loading and Shaping Machine. The sell-off right requires BACA Systems to pay Park Industries for each sale occurring during the sell-off period–– $10,000 for each of the first five sales and $25,000 for each subsequent sale.

35. Sometime after executing the Settlement Agreement, BACA Systems provided notice to Park Industries that it would not be honoring the terms of the Settlement Agreement.

36. To date, BACA Systems has not performed its payment obligations under the Settlement Agreement.

37. No reason has been given to date by BACA Systems for such refusal to honor the terms of the Settlement Agreement.

38. Given BACA Systems' material breach of the Settlement Agreement between the parties, on May 15, 2025, Park Industries notified BACA Systems that it was terminating the Settlement Agreement.

## Count I
## Direct Infringment of United States Patent No. 10,201,914

39. Park Industries incorporates Paragraphs 1–38 by reference as if set forth fully as part of this count.

40. BACA Systems has directly infringed and continues to infringe the '914 Patent through the manufacture, use, sale, and offer for sale of the Infringing Loading and Shaping Machine.

41. The Infringing Loading and Shaping Machine infringes at least Claim 1 of the '914 Patent, either literally or under the Doctrine of Equivalents. *See* Ex. G, '914 Patent Claim Chart.

42. The Infringing Loading and Shaping Machine is a material loading apparatus. *See* Ex. G.

43. The Infringing Loading and Shaping Machine includes a fixed frame. *See* Ex. G.

44. The Infringing Loading and Shaping Machine includes a moveable support surface pivotally mounted to the frame, the support surface configured for supporting the material. *See* Ex. G.

45. The Infringing Loading and Shaping Machine includes a support platform connected to the frame, the platform adapted to support a standing operator at a location that is at or aft of a rotational axis of the rear wheels. *See* Ex. G.

46. The Infringing Loading and Shaping Machine includes a first link extending between the support surface and the frame, the first link pivotally connected to the support surface at a first end of the first link and pivotally connected to the frame at a second end of the first link. *See* Ex. G.

47. The Infringing Loading and Shaping Machine includes a second link extending between the support surface and the frame, the second link pivotally connected to the support surface at a first end of the second link and pivotally connected to the frame at a second end of the second link. *See* Ex. G.

48. The Infringing Loading and Shaping Machine includes an actuator pivotally connected to the frame, the actuator being configured to move the support surface between a generally horizontal position and a generally vertical position. *See* Ex. G.

49. The Infringing Loading and Shaping Machine includes a fluid tank positioned under the support surface when the support surface is in the generally horizontal position. *See* Ex. G.

50. Park Industries has complied with 35 U.S.C. § 287(a) through its marking and notice of infringement, the latter dated October 22, 2024. *See* Ex. E.

51. BACA Systems has been and is willfully infringing the '914 Patent.

52. BACA Systems' knowing and deliberate infringement of the '914 Patent makes this an exceptional case.

53. Park Industries should be awarded enhanced damages under 35 U.S.C. § 284 and its attorneys' fees under 35 U.S.C. § 285.

54. BACA Systems will continue to make, use, sell, and offer for sale the Infringing Cutting Machine unless otherwise enjoined.

55. BACA Systems' making, using, selling, and offering for sale the Infringing Cutting Machine will continue to cause Park Industries irreparable harm.

56. Park Industries is entitled to a permanent injunction against further infringement of the '914 Patent by BACA Systems under 35 U.S.C. § 283.

## Count II
## Direct Infringement of United States Patent No. 11,446,843

57. Park Industries incorporates Paragraphs 1–56 by reference as if set forth fully as part of this count.

58. BACA Systems has directly infringed and continues to infringe the '843 Patent through the making, using, selling, and offering for sale the Infringing Loading and Shaping Machine.

59. The Infringing Loading and Shaping Machine infringes at least Claim 1 of the '843 Patent, either literally or under the Doctrine of Equivalents. *See* Ex. H, '843 Patent Claim Chart.

60. The Infringing Loading and Shaping Machine is a stone shaping machine. *See* Ex. H.

61. The Infringing Loading and Shaping Machine includes a material loading apparatus. *See* Ex. H.

62. The material loading apparatus of the Infringing Loading and Shaping Machine includes a fixed frame. *See* Ex. H.

63. The material loading apparatus of the Infringing Loading and Shaping Machine includes a movable support surface pivotally mounted to the frame, the support surface configured for supporting the material. *See* Ex. H.

64. The material loading apparatus of the Infringing Loading and Shaping Machine includes a first link extending between the support surface and the frame, the first link pivotally connected to the support surface at a first end of the first link and pivotally connected to the frame at a second end of the first link. *See* Ex. H.

65. The material loading apparatus of the Infringing Loading and Shaping Machine includes a second link extending between the support surface and the frame, the second link pivotally connected to the support surface at a first end of the second link and pivotally connected to the frame at a second end of the second link. *See* Ex. H.

66. The material loading apparatus of the Infringing Loading and Shaping Machine includes an actuator pivotally connected to the frame, the actuator being configured to move the support surface between a generally horizontal position and a generally vertical position. *See* Ex. H.

67. The material loading apparatus of the Infringing Loading and Shaping Machine includes a fluid tank positioned generally under the support surface of the material loading apparatus when the support surface is in the generally horizontal position. *See* Ex. H.

68. The Infringing Loading and Shaping Machine includes a movable cutting apparatus positioned for shaping material supported by the support surface of the material loading apparatus when the support surface is in the generally horizontal position, wherein the cutting apparatus is movable along a length and a width of the support surface, and wherein the cutting apparatus is also movable in a vertical direction toward and away from the support surface. *See* Ex. H.

69. Park Industries has complied with 35 U.S.C. § 287 through its marking and notice of infringement, the latter dated October 22, 2024. *See* Ex. E.

70. BACA Systems has been and is willfully infringing the '843 Patent.

71. BACA Systems' knowing and deliberate infringement of the '843 Patent makes this an exceptional case.

72. Park Industries should be awarded enhanced damages under 35 U.S.C. § 284 and its attorneys' fees under 35 U.S.C. § 285.

73. BACA Systems will continue to make, use, sell, and offer for sale the Infringing Loading and Shaping Machine unless otherwise enjoined.

74. BACA Systems' making, using, selling, and offering for sale the Infringing Loading and Shaping Machine will continue to cause Park Industries irreparable harm.

75. Park Industries is entitled to a permanent injunction against further infringement of the '843 Patent by BACA Systems under 35 U.S.C. § 283.

## Request for Relief

WHEREFORE, based on the foregoing allegations and claims, Park Industries requests the following relief and prays that the Court award it judgment against BACA Systems, including:

A. an Order adjudging that BACA Systems has infringed United States Patent Nos. 10,201,914 and 11,446,843;

B. an award of damages adequate to compensate Park Industries for BACA Systems's infringement, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

C. an Order finding BACA Systems's infringement was willful;

D. an award of enhanced damages under 35 U.S.C. § 284;

E. an Order finding that this case is exceptional under 35 U.S.C. § 285;

F. an award of all costs and attorneys' fees;

G. an award of pre-judgment and post-judgment interest at the maximum legal rate;

H. an order permanently enjoining BACA Systems from infringing United States Patent Nos. 10,201,914 and 11,446,843; and

I. an order granting such other and further relief as the Court may deem appropriate.

**Demand for Jury Trial**

Park Industries hereby demands that all issues so triable be determined by jury.

> Respectfully submitted,
>
> BROOKS WILKINS SHARKEY & TURCO
>
> _/s/ Jason D. Killips_
> Jason D. Killips (P67883)
> 401 S. Old Woodward Avenue, Suite 400
> Birmingham, Michigan 48009
> 248.971.1800 / killips@bwst-law.com
>
> *Counsel for Park Industries*